IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGGIE TOWNSEND,

                                      OPINION AND ORDER

                 Plaintiff,

                                      05-cv-204-bbc

       v.

JERRY ALLEN,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

         A jury found that defendant Jerry Allen, a correctional officer, denied plaintiff Reggie Townsend, a prisoner, the minimal civilized measure of life's necessities by forcing him to sleep on an unsanitary mattress for approximately two months in 2004 and 2005. Defendant has moved under Fed. R. Civ. P. 50 to set aside that verdict as well the jury's $295,000 punitive damages award. In the alternative, he seeks a new trial under Fed. R. Civ. P. 59 or remittitur on damages. Although I conclude that defendant is not entitled to judgment as a matter of law, I agree with defendant that the amount of damages awarded was excessive in light of the evidence. Plaintiff must accept a reduced damages award of $29,500 or retry his damages case.

         Defendant challenges the liability verdict on two grounds: (1) the condition of

1

plaintiff's mattress was not so severe as to give rise to a violation of the Eighth Amendment; and (2) the evidence was insufficient to show that defendant was aware of the condition of plaintiff's mattress.  Vinning-El v. Long, 482 F.3d 923, 925 (7th Cir. 2007) (to establish Eighth Amendment cell conditions claim, prisoner must show that conditions were objectively serious and that defendant was aware of conditions and disregarded them). Defendant's arguments are not without merit.  In fact, I granted summary judgment to defendant on the ground that plaintiff had failed to adduce evidence "that defendant Allen's mental state was consistent with deliberate indifference, an essential element of his claim." Townsend v. Fuchs,  2007 WL 5555953, *10  (W.D. Wis. Jan. 20, 2007).

The problem with defendant's arguments is that they fail to take into account Townsend v. Fuchs, 522 F.3d 765 (7th Cir. 2008), in which the court of appeals reversed this court's order granting summary judgment to defendant.  In particular, the court concluded that the following evidence was sufficient to permit a reasonable jury to find that defendant "exhibited deliberate indifference to Townsend's plight":

> Townsend submitted an affidavit and provided deposition testimony, in which he stated that he personally complained about his mattress to Allen and requested a new, clean mattress for his cell. Townsend further related that Allen denied his request without explanation, and that he later learned that his request was denied on the basis that if he received a mattress, everyone else in TLU would also have to receive one. Allen stated in proposed findings of fact that . . . the prison had clean mattresses available, and that he also understood that an individual could develop health problems if he was forced to sleep on a wet and moldy mattress.

2

Id. at 774. The evidence submitted at trial was consistent with this summary; defendant does not suggest otherwise. Thus, if I were to grant defendant's motion for judgment as a matter of law with respect to the subjective element of plaintiff's claim, I would be disregarding the law of the case.

With respect to the objective element, it is true that the court of appeals did not expressly hold that the condition of plaintiff's mattress was sufficiently serious to violate the Eighth Amendment. It did not have to because the parties "assume[d] that Townsend endured a prison condition sufficiently serious to constitute an Eighth Amendment violation." Id. at 773. However, the court did not simply ignore this element of the claim. Rather, it stated that

> we must assess the parties' shared assumption against the record as it is currently developed. And, in that light, the parties' assumption seems sound. See McCord v. Maggio, 927 F.2d 844, 846-47 (5th Cir. 1991) (finding Eighth Amendment violation where inmates "were provided mattresses at night which were placed on the sometimes flooded floors of the cells ... [where they] 'either had to stand up all night or sleep on a wet mattress on the floor' "). We have stated that a lack of sanitary conditions, including clean bedding, may qualify as a denial of the "minimal civilized measure of life's necessities." Gillis, 468 F.3d at 494; see also McCord, 927 F.2d at 846-47; Maxwell v. Mason, 668 F.2d 361, 363 (8th Cir. 1981) (stating confinement in isolation without adequate clothing or bedding supports Eighth Amendment claim); Ramos, 639 F.2d at 568. We therefore turn our attention to whether Townsend proffered evidence establishing that Sergeant Allen was deliberately indifferent to the unsanitary conditions in his cell.

Although the court's observation was not definitive, it is clear that the court was expressing a view that the facts could support an Eighth Amendment violation. Again,

3

defendant points to no differences between the summary judgment record and the trial record that would permit a reexamination of this issue. If defendant believes that the court of appeals would express a different opinion if forced to confront the question head on, he is free to ask that court to take a fresh look on appeal.

One aspect of the jury's liability verdict was not anticipated by the decision of the court of appeals. That verdict contained four questions:

- <u>Question No. 1</u>: Was the condition of plaintiff Reggie Townsend's mattress in temporary lock up so unsanitary that it denied plaintiff the minimal civilized measure of life's necessities?

- <u>Question No. 2</u>: Was defendant Jerry Allen aware of the unsanitary condition of plaintiff Townsend's mattress?

- <u>Question No. 3</u>: Did defendant Allen consciously disregard the unsanitary conditions of plaintiff Townsend's mattress by failing to take reasonable measures to correct them?

- <u>Question No. 4</u>: Did defendant Allen's conduct cause any physical harm to plaintiff?

The jury answered "yes" with respect to each of these questions except the last; it concluded that plaintiff had failed to prove by a preponderance of the evidence that he had been physically harmed as a result of defendant's conduct. (The parties did not propose a

question regarding whether plaintiff had been psychologically harmed, presumably because such harm is not compensable in prisoner cases without a showing of physical harm. 42 U.S.C. § 1997e(e).) The court of appeals has held that a prisoner's Eighth Amendment claim brought under 42 U.S.C. § 1983 cannot survive without a showing of "cognizable legal harm." Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997). Because the jury found no physical harm, defendant might have argued that plaintiff's claim failed as a matter of law under Welborn. But see Powers v. Snyder, 484 F.3d 929, 932-33 (7th Cir. 2007) ("there are other modes of inflicting cruel and unusual punishment besides ones that endanger a person's health"). However, by failing to raise this issue, defendant has waived it.

Turning to damages, defendant concedes that the standard for punitive damages is the "same" as the mental state requirement for Eighth Amendment violations. Dft.'s Br. at 11, dkt. #238 (citing Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917, 930 (7th Cir. 2004)). Because I have concluded that plaintiff has adduced sufficient evidence to meet the mental state requirement for the Eighth Amendment, I must conclude as well that he has satisfied the standard for punitive damages.

This leaves defendant's challenge to the amount of the punitive damages award, $295,000. Defendant first challenges this amount on due process grounds, but the court of appeals has held that due process limits apply when the compensatory damages are large or when the punitive damages reach many millions of dollars; constitutional limits on punitive

5

damages normally are not implicated in the context of a civil rights suit. Lust v. Sealy, Inc., 383 F.3d 580, 589-91 (7th Cir. 2004).

Nevertheless I agree with defendant's second argument, which is that the amount awarded by the jury is excessive in light of the evidence. The purpose of punitive damages is to punish the wrongdoer and serve as a deterrent to him and others who might commit similar violations in the future. Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2621 (2008). In this case, plaintiff does not even attempt to argue that nearly $300,000 is needed to punish defendant or deter him or other correctional officers from engaging in similar conduct in the future. The evidence showed at trial that plaintiff slept on the mattress at issue for 59 days, which means that defendant has received a sanction of $5,000 a day for disregarding one verbal complaint and possibly a written complaint from plaintiff to defendant about the mattress.

Plaintiff cites no other cases in which such a high award of punitive damages was sustained under similar circumstances. Rather, it appears that even in cases involving physical violence or much stronger evidence of malice, the amount courts found to be reasonable was much lower. E.g., Houskins v. Sheahan, 549 F.3d 480, 496 (7th Cir. 2008) (upholding $50,000 in punitive damages for battery); Kunz v. DeFelice, 538 F.3d 667, 678-80 (7th Cir. 2008) (upholding reduction on punitive damages from $250,000 to $90,000 in case involving plaintiff who was repeatedly punched in the face while

6

handcuffed); Bogan v. Stroud, 958 F.2d 180 (7th Cir. 1992) (upholding punitive damage awards of $5,000 and $1,000 against officers for stabbing, beating and kicking prisoner after he was subdued) . Accordingly, I conclude that defendant will be entitled to a new trial on damages unless plaintiff accepts a reduced damages award of $29,500.

## ORDER

IT IS ORDERED that

1. Defendant Jerry Allen's motion for judgment as a matter of law under Fed. R. Civ. P. 50, dkt. #227, is DENIED.

2. Defendant's motion for a new trial on liability is DENIED.

3. Plaintiff Reggie Townsend may have until February 24, 2009 to inform the court whether he will accept a reduced award of $29,500 on punitive damages.

Entered this 10th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7